**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHRISTOPHER MILLER,

    Plaintiff,

vs.                                                      Case No. 3:03-cv-812-J-99MMH

MORRIS COMMUNICATIONS COMPANY,
LLC, d/b/a The Florida Times-Union,

    Defendant.
_____/

## O R D E R

This cause is before the Court on the following motions: (1) Plaintiff's Memorandum of Law in Support of Motion to Compel Responses to Discovery Requests (Dkt. No. 144; Motion to Compel) and (2) Plaintiff's Motion for Sanctions (Dkt. No. 154). On March 8, 2005, the undersigned took both of these motions under advisement after hearing argument from the parties.[1] See Transcript of Motion Hearing (Dkt. No. 166; Tr.) at 38, 46, 98-100; see also Order (Dkt. No. 168) at 3-4. The Court has now fully considered both motions and will address each in turn.

**I.**     **Plaintiff's Motion to Compel**

Plaintiff asks the Court to require Defendant to produce all documents responsive to Request No. 4 of Plaintiff's Third Request for Production or Inspection of Documents or list those responsive documents on a complete privilege log. See Motion to Compel at 2;

---

[1] The Court only took the Motion to Compel under advisement to the extent Plaintiff sought to compel documents responsive to Request No. 4 of Plaintiff's Third Request for Production or Inspection of Documents. See Order (Dkt. No. 168) at 3. Otherwise, the Court denied the motion. See id.

Tr. at 45. This request was taken under advisement pending further briefing by the parties. See Order (Dkt. No. 168) at 3. The parties have filed their supplemental briefs. See Defendant's Post-Hearing Brief (Dkt. No. 169; Defendant's Brief); Plaintiff's Response to Defendant's Post Hearing Brief (Dkt. No. 170; Plaintiff's Brief).

In Request No. 4, Plaintiff seeks the following:

> [E]ach and every document that represents a correspondence between any of its employees, including all such emails sent to or written by William Morris IV, Carl Cannon, Robert Martin, or any other executive to or from any other employee of the Defendant. These documents should include any memorandums, notifications, instructions, or other communications relating to the Plaintiff at any time after the Plaintiff's resignation date of June 30, 2001, including any that refer to the document stamped as No. 1 and submitted by the Defendant in response to the Plaintiff's first request for production or inspection.

Defendant's Brief Ex. 3 at 4-5. Plaintiff's Third Request for Production or Inspection of Documents, defines "Defendant" as "the entity responding to these requests, and/or its legal representation, whether by common ownership, control or operation." Id. at 2. At the hearing, Plaintiff argued strenuously that the term "Defendant" in Request No. 4 includes counsel for Defendant. See Tr. at 8-10, 31, 33-34. Thus, according to Plaintiff, this request seeks correspondence between the following groups: (1) Defendant and its employees, (2) attorneys and employees at Fisher & Phillips LLP, and (3) Defendant and its counsel.[2] See id. at 8, 10, 30-31; see also Defendant's Opposition to Plaintiff's Motion to Compel Responses to Discovery Requests (Dkt. No. 150; Opposition) at 5-6; Defendant's Brief at 4; Plaintiff's Brief at 2-4. Defendant strongly contests Plaintiff's attempt to define its

---

[2] While in this request for production, Plaintiff states that "[n]one of the above documents requested refer to any that are or were correspondences between the Defendant and its attorneys," Plaintiff's argument at the hearing indicates that he is, indeed, seeking such communications. See Tr. at 8-10, 30-31.

- 2 -

counsel as a party to this action.  See Opposition at 4-6; Defendant's Brief at 2-5.  It also contends that it has produced all responsive communications between Defendant and its employees or included such documents on a privilege log.  See Tr. at 30.

The Court has carefully reviewed the discovery at issue.  Given the patent over breadth of Plaintiff's request, the undersigned need not resolve whether Plaintiff is ever permitted to include Defendant's counsel in the definition of Defendant for purposes of discovery.[3]  Instead, the Court has considered the information Plaintiff is seeking in this request and whether that information is discoverable.  If Plaintiff's definition is accepted, Plaintiff seeks correspondence between Defendant and its employees, counsel and counsel's employees, and Defendant and its counsel.  This request is vastly overbroad.  Indeed, the request is not even limited to correspondence relating to Plaintiff, but asks for all correspondence between these groups of persons.  This broad request encompasses information that may be relevant to Plaintiff's claims, but also includes a large amount, indeed likely far more, documents that are completely irrelevant.[4]  Thus, Defendant's objection that this request is overbroad is well taken.  See Opposition Ex. A at 4.  However, the undersigned will not deny the motion to compel but rather will limit the request, based on the information before it, to provide for the discovery of relevant information only.  This

---

[3] The Court does express, however, grave reservations as to whether such a definition can be maintained under Rule 34.  See Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2208, at 387 (2d ed. 1994).  Indeed, the Court previously directed Plaintiff to cease referring to Defendant's counsel as a party to this action.  See Order (Dkt. No. 93) at 1 n.1.

[4] Indeed, many communications between counsel and its employees or Defendant and its counsel are largely irrelevant to Plaintiff's claims. For example, counsel's billing records, telephone messages, counsel's memoranda to support staff regarding scheduling, counsel's calendars, correspondence regarding other matters, etc. would all be irrelevant to the claims or defenses raised.

is not an easy task, given the breadth of the request and Plaintiff's failure to detail the categories of information he seeks or explain to which claims or defenses this information may be relevant.

First, Defendant must produce all communications between Defendant[5] and its employees from June 30, 2001, to the present that relate to Plaintiff. Defendant must either produce the responsive documents or include a description of such documents in a privilege log. While Defendant stated at the hearing that it has produced such information, see Tr. at 30, it also suggested that certain communications between employees were withheld and not included in the privilege log because Defendant's counsel was copied on the correspondence, see id. at 32-33. Defendant must include these communications in a privilege log for the time period at issue and its argument to the contrary is unavailing.[6] Defendant must also include communications between all employees, not merely Defendant's executives, if those communications reference or relate to Plaintiff.

Second, Defendant shall be required to produce or properly describe in a privilege log all communications between Defendant and its counsel that relate to Plaintiff for the time period of June 30, 2001, until September 22, 2003. Although the undersigned finds that a request for these documents may be reasonably calculated to lead to the discovery of admissible evidence, the same cannot be said for the request seeking communications between Defendant and its counsel created after September 22, 2003. Plaintiff has not

---

[5] In order to avoid any confusion, when the Court refers to Defendant in this order, it means Morris Communications Company, LLC, d/b/a The Florida Times-Union.

[6] The Court is referring only to communications between Defendant and its employees in which counsel for Defendant was merely copied, not direct communications between Defendant and its counsel.

explained how communications produced after the commencement of litigation would be relevant to proving or defending the claims currently before the Court. Similarly, he has failed to establish how any documents exchanged between counsel and employees at that law firm could lead to the discovery of admissible evidence. While, in the abstract, the Court could imagine some unique circumstances where a document created after this date or exchanged between counsel and its employees might be relevant, Plaintiff has failed to provide this Court with sufficient information to be able to limit his request to only include such relevant information.

To be clear, the undersigned does not find that communications between a lawyer and his or her client after the commencement of litigation are never discoverable or should not ever be included in a privilege log. Instead, Plaintiff's request for every document exchanged between Defendant and its counsel or amongst the lawyers seems to be overreaching.[7] Merely because a document contains Plaintiff's name does not mean that it is reasonably calculated to lead to the discovery of admissible evidence. Thus, Plaintiff's assertion that every document exchanged between counsel and Defendant between June 30, 2001, to the present should be included in a privilege log is not persuasive. See Plaintiff's Brief at 2. Rule 26(b)(5), Federal Rules of Civil Procedure (Rule(s)), only requires Defendant to provide a privilege log for documents withheld that are otherwise discoverable. As the undersigned has concluded that the request is overbroad and seeks

---

[7] In Defendant's Brief, it quotes some of the undersigned's statements from the March 8, 2005 hearing. See Defendant's Brief at 5. These statements should not be construed as absolutes, but rather are general statements regarding how these issues are typically viewed and handled. Upon reflection and consideration of the particular circumstances presented in this case, the undersigned finds that the additional information discussed above should be included in a privilege log.

irrelevant information, not all of the documents exchanged between Defendant and its counsel are otherwise discoverable.

On the other hand, the Court does find that certain of the above-described documents should be produced or, at a minimum, included on a privilege log. While Defendant may assert that these documents are protected by the attorney-client privilege or the work product doctrine, see Defendant's Brief at 5-7, Defendant must still provide certain basic information regarding these communications in order to permit the Plaintiff to challenge the assertion of privilege if the law supports such a challenge. Contrary to Defendant's suggestion, see Opposition at 5, the Court finds that requiring a privilege log to include this limited information does not invade the attorney-client privilege or the work product doctrine. Moreover, the Court is not convinced that producing a privilege log listing these documents would necessarily be futile. See Defendant's Brief at 4-7.

The Court also takes the opportunity to address briefly other arguments that the parties raise in their papers. First, Plaintiff asserts that the Court should find that Defendant waived the right to object to counsel's inclusion in the definition of Defendant and the right to assert any privilege. See Motion to Compel at 2; Plaintiff's Brief at 1, 3. The Court finds no waiver in this case as Defendant properly objected to this discovery request. See Opposition Ex. A at 4. In objecting to this request, Defendant asserted that it was overbroad, sought irrelevant information, and invaded the attorney-client privilege and the work product protection. See id. Defendant's counsel also specifically objected to its inclusion in the request on January 21, 2005, prior to the filing of Plaintiff's Motion to Compel. See Opposition Ex. C at 2.

Next, Plaintiff requests that the Court compel production of communications between Defendant and the Athens-Banner Herald. See Motion to Compel at 5. The Court addressed and rejected this argument at the hearing. See Tr. at 19-20. Plaintiff also challenges the Court's determination regarding Plaintiff's motion to compel a better answer to Interrogatory No. 17 of Plaintiff's Third Interrogatories. See Plaintiff's Brief at 4-5. He contends that the Court failed "to address or explain why Morris is not required to supplement its responses to Interrogatory 17(c) or (d)." Id. at 5. However, the Court explained at the hearing why it denied Plaintiff's request. See Tr. at 115-16.

Accordingly, the undersigned finds that Plaintiff's Motion to Compel should be granted to the extent that Defendant shall produce or properly disclose in a privilege log the following: (1) correspondence between Defendant and its employees for the period of June 30, 2001, to the present that relates to Plaintiff and (2) correspondence between Defendant and its counsel for the period of June 30, 2001, to September 22, 2003, that relates to Plaintiff. As stated, Defendant may either produce the responsive documents or include these documents in a privilege log. Otherwise, Plaintiff's Motion to Compel will be denied.

In light of the foregoing analysis, the Court finds it necessary to modify its previous ruling regarding Plaintiff's Motion for Sanctions (Dkt. No. 143). See Order (Dkt. No. 168) at 2. In Plaintiff's Motion for Sanctions, Plaintiff alleged that Defendant failed to provide an adequate privilege log, as required by the Court, see Order (Dkt. No. 136) at 9-10, for documents withheld in response to Request No. 3 of Plaintiff's First Request for Production or Inspection of Documents. See Plaintiff's Motion for Sanctions at 6-11. Request No. 3 seeks the following documents:

> Any documents, correspondences, or other expressions or representations on paper or electronic medium between parties of the Defendant that relate to, discuss, refer to, or otherwise mention the name of the Plaintiff, the circumstances surrounding his resignation, and any other event or action taking place from June 11, 2001 until the present day. This includes all notes taken during meetings and/or discussions, official documents filed in the Plaintiff's personnel file since the date above, any correspondences or documents written by any party currently or formerly under the custody or control of the Defendant, whether Defendant considers such documents to be composed, completed or distributed within what it believes the "scope of employment" or outside such scope.
> All documents sent via the use of company computers, or that reside in company files, offices or desks, or other papers otherwise located anywhere in the intellectual or tangible property located at One Riverside Avenue, Jacksonville, Florida, 32203 that makes reference to the Plaintiff's name, employment, or any and all other dealings or disputes with the Defendant of any kind are expected to be produced for inspection and/or copying as requested herein.

Defendant's Opposition to Plaintiff's Motion to Compel Production of Documents (Dkt. No. 109) Ex. A. "Defendant" was defined in this request in the same manner that term was defined in Request No. 4 of the Third Request for Production or Inspection of Documents (Request No. 4). See id.

This request fails for the same reasons as Request No. 4. While this request is vastly overbroad, it can be narrowly tailored in the same manner in which Request No. 4 was tailored. Thus, the Court will modify its previous ruling regarding Plaintiff's Motion for Sanctions and the motion will be granted, in part, to the extent that Defendant will be required to supplement its response to Request No. 3 consistent with the Court's ruling on Request No. 4. Otherwise, the Court's ruling regarding Plaintiff's Motion for Sanctions (Dkt. No. 143) will remain in full force and effect. See Order (Dkt. No. 168) at 2.

## II. Plaintiff's Motion for Sanctions

Plaintiff filed his Motion for Sanctions (Dkt. No. 154) on February 24, 2005.  In this motion, Plaintiff asks the Court to sanction Defendant for inappropriately issuing subpoenas for medical records without first providing him with proper notice.  <u>See</u> Motion for Sanctions at 1; Memorandum of Law in Support of Motion for Sanctions (Dkt. No. 155; Memorandum) at 1.  Plaintiff requestsسanctions under Rule 26(g)(3).  <u>See</u> Memorandum at 1.  Defendant opposes the motion.  <u>See</u> Defendant's Opposition to Plaintiff's Motion for Sanctions (Dkt. No. 165; Response).  The undersigned heard oral argument on this motion on March 8, 2005.  <u>See</u> Tr. at 70-100.

Defendant served subpoenas on Plaintiff's doctors, Dr. Samuel Gilbert and Dr. Amit Vijapura, in November 2004.  <u>See</u> Response at 2; Memorandum at 4 & Ex. 2.  Plaintiff contends that federal and state law "require a serving party to provide the proper notification, and a copy of the subpoena, before serving a subpoena for access to an opposing party's medical records."  Memorandum at 7.  In addition, at the hearing, Plaintiff argued that the Case Management Report (Dkt. No. 43; CMR), which was incorporated by reference into the Case Management and Scheduling Order (Dkt. No. 71; CMSO), also required Defendant to provide Plaintiff with a copy prior to serving the subpoena.  <u>See</u> Tr. at 74.  As a result of Defendant's failure, Plaintiff contends that default judgment or other

severe sanctions should be entered against Defendant. See Memorandum at 4.[8]

The Court need not reach the issue of whether federal or state law requires one party to provide another with prior notice before issuing a subpoena for medical records in this case. Here, the CMR controls this issue. In the CMR, the parties specifically agreed "to serve a notice of intent to issue a subpoena on the opposing party ten days prior to the issuance of any subpoena." CMR at 4. This agreement was incorporated into the Court's CMSO. See CMSO ¶ 1 (indicating that "[t]he parties are directed to meet the agreed upon terms and time limits in the Case Management Report"). Thus, the parties were required to provide the agreed upon advance notice.

Defendant does not allege that it complied with this provision of the CMSO. However, it contends that Plaintiff had notice of the subpoenas because "[i]t was clear that [Defendant was] going to serve a subpoena" based on Defendant's request to compel Plaintiff to provide a medical release. See Tr. at 86-87; see also Response at 3-4, 6. Defendant also asserts that Plaintiff's objection is untimely as he should have sought to quash the subpoenas. See Response at 6. Moreover, it alleges that Plaintiff is equitably estopped from raising this argument because Defendant was entitled to obtain the records. See id. at 2-5.

Having considered the arguments of the parties, the Court finds that Defendant

---

[8] Plaintiff also argues that Defendant provided a defective release. See Memorandum at 5-7. However, the Court need not determine whether the release was valid because Plaintiff indicated at the hearing that he was not questioning Defendant's entitlement to his medical records, see Tr. at 70, and that Defendant had received all of his medical records, see id. at 87. Thus, the only issue is whether Defendant should be sanctioned for failure to provide Plaintiff with prior notice regarding the service of the subpoenas. See id. at 70.

should be sanctioned for failure to abide by its agreement in the CMR and comply with the CMSO. Defendant's arguments to the contrary are unavailing. The fact that Defendant may have been entitled to these records or because Plaintiff may have been aware that Defendant would seek medical records from his doctors at some point in time does not relieve Defendant of its obligation under the CMSO. Defendant's timeliness argument also fails. The CMSO directs that "[a]ll requests and motions pertaining to discovery shall be filed so that the discovery desired will be due prior to the completion date and any disputes which requires Court intervention shall be made by proper motion immediately." CMSO ¶ 1 (emphasis omitted). Plaintiff's motion was filed prior to the close of discovery and Defendant has suffered no prejudice in the filing of this motion several months after the issuance of the subpoenas.

Rule 37(b)(2) provides for an award of sanctions when a party has failed "to obey an order entered under Rule 26(f)." The CMSO is an order entered pursuant to Rule 26(f), and, as stated supra, Defendant failed to obey the order by not serving a notice of intent ten days prior to the issuance of the subpoenas. Defendant offers no substantial justification for its failure to abide by its agreement to provide prior notice. Therefore, an award of sanctions is proper. Rule 37(b)(2) states that the Court may fashion any award that is just, considering the violation. In this case, the violation is de minimus. Plaintiff was aware that Defendant would be seeking this information. In addition, Plaintiff was notified of the subpoenas shortly after their service, as at least one of his doctors contacted him upon receipt of the subpoena. See Tr. at 75. Indeed, it appears that Plaintiff was aware of the subpoenas by November 15, 2004. See Defendant's Opposition to Plaintiff's

Emergency Motion for Protective Order (Dkt. No. 135) Ex. C. Plaintiff also conceded at the hearing that he was not challenging Defendant's entitlement to these documents. See Tr. at 70. Indeed, he seems to acknowledge Defendant's entitlement to these records in his Memorandum. See Memorandum at 4, 8. The only damage attributable to Defendant's failure to comply with the CMSO is to Plaintiff's relationship with his doctors. See id. at 10; see Tr. at 63, 72-73. While this damage is not quantifiable, a fine will be imposed in the amount of $500.00 in order to redress the harm associated with this violation. The Court has considered the other sanctions available under Rule 37(b)(2), including the exclusion of evidence, and finds that such sanctions are not appropriate under these facts. Instead, a monetary fine is a just remedy given the nature of the violation.

However, Defendant will not be required to pay this amount to Plaintiff. On June 29, 2004, the Court sanctioned Plaintiff in the amount of $500.00 for a violation of Rule 37. See Order (Dkt. No. 89) at 5. Despite the Court's instruction to pay that amount to Defendant within ninety days, see id. at 6, Plaintiff has failed to do so, see Tr. at 124-25. Thus, instead of requiring Defendant to pay Plaintiff the amount of $500.00 for the violation currently at issue, the Court will merely deem Plaintiff's obligation under the Court's Order (Dkt. No. 89) to be satisfied. Thus, Plaintiff's Motion for Sanctions will be granted, in part, and denied, in part.

### III.    Conclusion

In light of the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Memorandum of Law in Support of Motion to Compel Responses to Discovery Requests (Dkt. No. 144) is **GRANTED, in part**, to the extent

that Defendant shall supplement **no later than May 2, 2005,** their response to Request No. 4 of Plaintiff's Third Request for Production or Inspection of Documents as follows:

a. Defendant[9] must produce all communications between Defendant and its employees from June 30, 2001, to the present that relate to Plaintiff. Defendant shall <u>either</u> produce the responsive documents or include such documents on an adequately detailed privilege log.

b. Defendant shall be required to produce all communications between Defendant and its counsel for the time period of June 30, 2001, until September 22, 2003, that relate to Plaintiff. Defendant shall either produce the responsive documents or include such documents on an adequately detailed privilege log.

2. Otherwise, Plaintiff's Memorandum of Law in Support of Motion to Compel Responses to Discovery Requests (Dkt. No. 144) is **DENIED**.

3. The Court's March 15, 2005 Order (Dkt. No. 168) resolving Plaintiff's Motion for Sanctions (Dkt. No. 143) is **MODIFIED** as follows:

a. Paragraph 1(e) shall now state: The motion is **GRANTED** to the extent that Defendant shall **no later than May 2, 2005**, supplement its response to Request No. 3 of Plaintiff's First Request for Production or Inspection of Documents consistent with the Court's

---

[9] Defendant is defined as Morris Communications Company, LLC, d/b/a The Florida Times-Union.

        ruling on Request No. 4 of Plaintiff's Third Request for Production or Inspection of Documents.

    b.    Paragraph 1(f) shall state: Otherwise, the motion is **DENIED**.

Other than these modifications, the Court's Order (Dkt. No. 168) shall remain in full force and effect.

    4.    Plaintiff's Motion for Sanctions (Dkt. No. 154) is **GRANTED** to the extent that Defendant shall be sanctioned as follows: Plaintiff's obligation to reimburse Defendant in the amount of $500.00 as detailed in Order (Dkt. No. 89) is hereby **SATISFIED**.

    5.    Otherwise, Plaintiff's Motion for Sanctions (Dkt. No. 154) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of April, 2005.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States Magistrate Judge

Copies to:

Counsel of Record
Pro Se Parties